## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAVON HARGETT,<br>SHELBY WOODS, and<br>FELECIA WRIGHT<br><br>*Plaintiffs*<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>*Defendant*<br><br>AND<br><br>MITCHELL RUBENSTEIN & ASSOCIATES,<br>P.C., a Maryland Professional Corporation<br>12 South Summit Avenue<br>Suite 250<br>Gaithersburg, MD 20877<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:14-cv-2114-TFH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### 1st AMENDED COMPLAINT

Plaintiffs Shelby C. Woods ("Woods"), Tavon Hargett ("Hargett") and Felecia Wright ("Wright") submit their 1st Amended Complaint against NCO Financial Systems, Inc. ("NCO") and Mitchell Rubenstein & Associates, P.C. ("Rubenstein") for unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.*[1]

---

[1] This 1st Amended Complaint is filed without leave as permitted by Fed. R. Civ. P. 15(a)(1)(B).

# I.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in that the FDCPA claims involve a federal question.

2.      Venue is proper under 28 U.S.C. § 1391(b)(2) in that the conduct giving rise to the claims occurred in this jurisdiction.

# II.

## PARTIES

3.      Woods, Hargett and Wright are, and at all times mentioned herein were, sui juris adult residents within the District of Columbia.

4.      Woods is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loan at issue was incurred for personal, family or household purposes to attend California State University at Long Beach.

5.      Hargett is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loan at issue was incurred for personal, family or household purposes to attend American Intercontinental University.

6.      Wright is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loan at issue was incurred for personal, family or household purposes to attend Rutgers University.

7.      NCO is, and at all times mentioned herein was, a for-profit Pennsylvania corporation with a principal place of business at 507 Prudential Road, Horsham, PA 19044.

8.      Rubenstein is, and at times mentioned herein was, a professional corporation with a principal place of business at 12 South Summit Avenue, Suite 250, Gaithersburg, MD 20877.

9.      NCO is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of trafficking in distressed, uncollectible and/or "junk" consumer debt.

10.     Rubenstein is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of collecting debts alleged to be owed to another.

11.     NCO and Rubenstein have acted in concert to engage in the acts and practices described throughout this Complaint and are jointly, severally and vicariously liable for the acts and practices described below. While participating in such acts, NCO and Rubenstein were agents, alter egos, conspirators, and aiders and abettors of National Collegiate Student Loan Trust ("NCSLT") and were acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of NCSLT.

## FACTUAL ALLEGATIONS

12.     Rubenstein, acting on behalf of NCSLT, filed several debt collection complaints against Woods, Hargett and Wright in the District of Columbia Superior Court with affidavits from NCO employees— prepared and signed under oath after purportedly reviewing the debtors' records in their files.

13.     In case number 2014 CA 001372 C, the Note Disclosure Statement attached to the Complaint shows that on August 17, 2005 a loan in the amount of $13,000 was disbursed to Woods. Monthly payments in the amount of $139.66 were due beginning December 30, 2007.

14.     No payments were made by Woods until October 1, 2013 and November 6, 2013.

15.     No signed writings acknowledging or promising to pay the debt were made by

Woods between December 30, 2007 and October 1, 2013.[2]

16.     The Complaint also included an "Affidavit and Verification of Account" from Steve Simonelli ("Simonelli")—a former NCO employee—who claims under the penalty of perjury to have personal knowledge that Woods owes NCSLT $24,269.12, including principal of $21,455.49, and interest in the amount of $2,813.63.

17.     But as demonstrated in the chart below, Simonelli's representations under oath are inconsistent with the documents and allegations in the Complaint:

| Woods - 2014 CA 001372 C | | | |
|---|---|---|---|
| | Simonelli Affidavit | Ledger Card | NCSLT Complaint |
| Date | January 31, 2014 | February 24, 2014 | March 4, 2014 |
| Principal | $21,455.49 | $21,230.49 | $21,230.49 |
| Interest | $2,813.63 | $2,813.63 | X |
| Fees & Costs | X | X | $3,184.57 |
| Total | $24,269.12 | $24,044.12 | $21,230.49 |

18.     In case number 2014 CA 001375 C, the Complaint included an "Affidavit and Verification of Account" from Dudley Turner ("Turner")—a former NCO employee—who claims under the penalty of perjury to have personal knowledge that Hargett owes NCSLT $26,901.14, including accrued interest in the amount of $3,814.23.

19.     But as demonstrated in the chart below, Turner's representations under oath are inconsistent with the documents and allegations in NCSLT's complaint:

---

[2] D.C. Code §§ 12-301(7), 28-3504

| Hargett - Case No. 2014 CA 001375 C | | | |
|---|---|---|---|
| | Turner Affidavit | Loan Payment History Report | Complaint |
| Date | January 31, 2014 | June 7, 2013 | March 7, 2014 |
| Interest | $3,814.23 | $5,659.81 $3,823.66 | X |
| Fees & Costs | X | $0 | $3,463.04 |
| Total | $26,901.14 | $23,125.76 | $23,086.91 |

20.     In case number 2014 CA 001374 C, the Truth in Lending Disclosure Statement attached to the Complaint shows that on September 23, 2002 a loan in the amount of $12,000 was disbursed to Wright. Monthly payments in the amount of $97.56 were due beginning December 31, 2006.

21.     No payments were made by Wright until April 30, 2010.

22.     No signed writings acknowledging or promising to pay the debt were made by Wright between December 31, 2006 and April 30, 2010.

23.     The Complaint also included another "Affidavit and Verification of Account" from Turner who claims under the penalty of perjury to have personal knowledge that Wright owes NCSLT $17,094.43, including accrued interest in the amount of $1,308.54.

24.     But as demonstrated in the chart below, Turner's representations under oath are inconsistent with the documents and allegations in NCSLT's complaint:

| Wright - Case No. 2014 CA 001374 C | | | |
|---|---|---|---|
| | Turner Affidavit | Loan Payment History Report | Complaint |
| Date | February 3, 2014 | August 9, 2013 | March 7, 2014 |
| Principal | $15,785.89 | $15,785.89 | |
| Interest | $1,308.54 | $2,209.29 $1,311.79 | X |
| Fees & Costs | X | $0 | $2,367.88 |
| Total | $17,094.43 | $23,125.76 | $15,785.89 |

25.     In case number 2014 CA 002126 C, the Complaint included two "Affidavit and Verification of Account" forms from Turner who, in the first affidavit, claims under the penalty of perjury to have personal knowledge that Wright owes NCSLT principal balance of $4,506.94, plus accrued interest in the amount of $314.98, with a total outstanding balance of $4,821.92.

26.     In his second affidavit, Turner claims under the penalty of perjury to have personal knowledge that Wright owes NCSLT principal balance of $2,880.65, plus accrued interest in the amount of $231.44, with a total outstanding balance of $2,912.09.

27.     But as demonstrated in the charts below, Turner's representations are inconsistent with the documents and allegations in the Complaint:

| Wright– Case No. 2014 CA 002126 C (Affidavit No. 1) | | | |
|---|---|---|---|
| | Turner Affidavit | Loan Payment History Report | Complaint |
| Date | February 3, 2014 | August 9, 2013 | April 4, 2014 |
| Principal | $4,506.94 | $4,506.94 | X |
| Interest | $314.98 | $315.76 $541.60 | $546.42 |
| Fees & Costs | X | $0 | $1,078.13 |
| Total | $4,821.92 | $4,803.60 | $7,187.59 |

| Wright – Case No. 2014 CA 002126 C (Affidavit No. 2) | | | |
|---|---|---|---|
| | Turner Affidavit | Loan Payment History Report | Complaint |
| Date | February 3, 2014 | August 9, 2013 | April 4, 2014 |
| Principal | $2,680.65 | $2,680.65 | X |
| Interest | $231.44 | $232.16 $494.27 | $546.42 |
| Fees & Costs | X | $0 | $1,078.13 |
| Total | $2,912.09 | $2,826.04 | $7,187.59 |

28.     In case number 2014 CA 002144 C, the Note Disclosure Statement attached to the Complaint shows that on July 23, 2004 a loan in the amount of $8,000 was disbursed to Wright. Monthly payments in the amount of $72.31 were due beginning July 1, 2007.

29.     No payments were made by Wright until May 13, 2011.

30.     No signed writings acknowledging or promising to pay the debt were made by Wright between July 1, 2007 and May 13, 2011.

31.     The Complaint also included another "Affidavit and Verification of Account" from Turner who claims under the penalty of perjury to have personal knowledge that Wright owes NCSLT $12,897.69, including accrued interest in the amount of $2,337.67.

32.     But as demonstrated in the chart below, Turner's representations are inconsistent with the documents and allegations in NCSLT's complaint:

| Wright – Case No. 2014 CA 002144 C | | | |
|---|---|---|---|
| | Turner Affidavit | Loan Payment History Report | Complaint |
| Date | February 3, 2014 | August 9, 2013 | April 4, 2014 |
| Principal | $12,897.69 | $12,897.69 | X |
| Interest | $2,337.67 | $2,423.74 $2,341.24 | X |
| Fees & Costs | X | $0 | $1,934.65 |
| Total | $15,235.36 | $12,897.69 | $12,897.69 |

33.     The Federal Trade Commission recently filed suit against NCO alleging, *inter alia*, that NCO made "Unsubstantiated Representations about Owing a Debt" and "Other False and Misleading Representations."[3]

34.     On July 16, 2013, NCO and its co-defendants stipulated to an order for permanent injunctive relief and a judgment of $3.2 million dollars.[4]

---

[3] *U.S. v Expert Global Solutions, Inc. f/k/a NCO Group, Inc., NCO Financial Systems, Inc., ALW Sourcing, LLC, Transworld Systems, Inc.,* No. 3-13 CV 2611-M (N.D. Tex. 2013).

[4] *See* http://www.ftc.gov/enforcement/cases-proceedings/1023201/expert-global-solutions-inc-formerly-known-nco-group-inc-nco

35.     Woods, Hargett and Wright aver that the NCO affidavits are false, deceptive and misleading representations about owing a debt in violation the July 16, 2013 Consent Decree with the Federal Trade Commission.

36.     Woods, Hargett and Wright aver that the affidavits are communications in connection with attempting to collect a consumer debt.

37.     NCO and Rubenstein's actions are intentional, willful, malicious and in open defiance of federal consumer protection statutes.

38.     Woods, Hargett and Wright have sustained actual damages, including attorney's fees and costs, defending the underlying actions as a direct result of NCO and Rubenstein's unlawful debt collection conduct.

## CLAIMS FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15  U.S.C. § 1692 ET SEQ.

## (AS TO NCO AND RUBENSTEIN)

39.     Woods, Hargett and Wright repeat, re-allege and incorporate by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40.     NCO violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that Simonelli claimed under oath that Woods owes NCSLT $24,455.49, when NCSLT's complaint claims Woods owes $21,230.49, and the Ledger Card claims Woods owes $24,044.12.

41.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that Simonelli claimed under oath that Woods owes

NCSLT $24,455.49 when NCSLT's complaint claims Woods owes $21,230.49, and the Ledger Card claims Woods owes $24,044.12.

42.     NCO violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that Simonelli claimed under oath that Woods owes NCSLT $24,455.49 that includes unauthorized interest, fees and/or costs.

43.     NCO violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that Turner claimed under oath that Hargett owes NCSLT $26,901.14, including $3,814.23 in accrued interest, when NCSLT's complaint claims Hargett owes $23,086.91, and the Loan Payment History Report claims Hargett owes $5,659.81 in accrued interest.

44.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that Turner claimed under oath that Hargett owes NCSLT $26,901.14, including $3,814.23 in accrued interest, when NCSLT's complaint claims Hargett owes $23,086.91, and the Loan Payment History Report claims Hargett owes $5,659.81 in accrued interest.

45.     NCO violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that Turner claimed under oath that Hargett owes NCSLT $26,901.14 that includes unauthorized interest, fees and/or costs.

46.     NCO violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that Turner claimed under oath that Wright owes NCSLT $17,094.43, including $1,308.54 in accrued interest, when NCSLT's complaint claims Wright

owes $15,789.85, and the Loan Payment History Report claims Wright owes $2,209.29 in accrued interest.

47.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that Turner claimed under oath that Wright owes NCSLT $17,094.43, including $1,308.54 in accrued interest, when NCSLT's complaint claims Wright owes $15,789.85, and the Loan Payment History Report claims Wright owes $2,209.29 in accrued interest.

48.     NCO violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that Turner falsely claimed under oath that Wright owes NCSLT $17,094.43 that includes unauthorized interest, fees and/or costs.

49.     NCO violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that Turner claimed under oath that Wright owes NCSLT $4,821.92, including $314.98 in accrued interest, when NCSLT's complaint claims Wright owes $7,187.59, and the Loan Payment History Report claims Wright owes $4,803.60 plus interest of $315.76.

50.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that Turner claimed under oath that Wright owes NCSLT $4,821.92, including $314.98 in accrued interest, when NCSLT's complaint claims Wright owes $7,187.59, and the Loan Payment History Report claims Wright owes $4,803.60 plus interest of $315.76.

51.     NCO violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that Turner claimed under

10

oath that Wright owes NCSLT $4,821.92, including $314.98 in accrued interest, when NCSLT's complaint claims Wright owes $7,187.59, and the Loan Payment History Report claims Wright owes $4,803.60 plus interest of $315.76.

52.     NCO violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that Turner claimed under oath that Wright owes NCSLT $2,912.09, including $231.44 in accrued interest, when NCSLT's complaint claims Wright owes $7,187.59, and the Loan Payment History Report claims Wright owes $2,826.04 plus interest of $232.16.

53.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that Turner claimed under oath that Wright owes NCSLT $2,912.09, including $231.44 in accrued interest, when NCSLT's complaint claims Wright owes $7,187.59, and the Loan Payment History Report claims Wright owes $2,826.04 plus interest of $232.16.

54.     NCO violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that Turner claimed under oath that Wright owes NCSLT $2,912.09, including $231.44 in accrued interest, when NCSLT's complaint claims Wright owes $7,187.59, and the Loan Payment History Report claims Wright owes $2,826.04 plus interest of $232.16.

55.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt by claiming amounts due from Wright that were barred by the three-year statute of limitations.

56.     NCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt by claiming amounts due from Woods that were barred by the three-year statute of limitations.

57.     Rubenstein violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that it filed suit against Woods after the three-year statute of limitations had expired.

58.     Rubenstein violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that it filed suit against Wright after the three-year statute of limitations had expired.

59.     Rubenstein violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse Woods by filing suit after the three-year statute of limitations had expired.

60.     Rubenstein violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse Wright by filing suit after the three-year statute of limitations had expired.

61.     Rubenstein violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that it filed suit against Woods after the three-year statute of limitations had expired.

62.     Rubenstein violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that it filed suit against Wright after the three-year statute of limitations had expired.

63.     Rubenstein violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that it filed suit against Woods after the three-year statute of limitations had expired.

64.     Rubenstein violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that it filed suit against Wright after the three-year statute of limitations had expired.

65.     NCO and Rubenstein's actions would be deceptive, misleading, abusive, and/or unfair to the least sophisticated consumer.

## **PRAYER FOR RELIEF**

Woods, Hargett and Wright respectfully pray that judgment be entered against NCO and Rubenstein, jointly and severally, for the following:

A.     Actual damages;

B.     Statutory damages;

C.     Costs of suit and reasonable attorney's fees; and

D.     For such other and further relief as the court may deem proper.

## **JURY DEMAND**

Woods, Hargett and Wright demand trial by jury.

DATED:  December 26, 2014                    Respectfully submitted,


                                              /s/    Dean Gregory
                                             Dean Gregory (Bar No. 1008846)
                                             **LAW OFFICES OF DEAN GREGORY**
                                             1717 K Street NW
                                             Suite 900
                                             Washington, D.C. 20006
                                             Telephone: (202) 905-8058
                                             Facsimile: (202) 776-0136
                                             E-mail: dean@deangregory.com

                                             *Attorney for PLAINTIFFS*